UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**AMBROSE ESOGBUE**  \*   CIVIL ACTION

**VERSUS**  \*   NO. 05-4006

**ALBERTO GONZALEZ, ET AL.**  \*   SECTION B(4)

### ORDER

Ambrose Esogbue seeks review of this Court's August, 26, 2005 order denying relief and further requests a transfer to the Fifth Circuit. (Rec. Doc. No. 9). Esogbue initially requested relief from his pending order of removal.[1] (Rec. Doc. No. 4).

The initial request for relief (Rec. Doc. No. 1) was filed on May 6, 2005, prior to Congress's enactment of the REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005). REAL ID amends the jurisdictional provisions of the Immigration and Nationality Act, altering the way in which non-citizens can seek judicial review of administrative orders of removal. Section 106 of the REAL ID Act divested federal courts of jurisdiction over habeas petitions attacking removal orders, effective immediately and

---

[1] In the August 26, 2005 order, the Court construed Esogbue's petition for review of the Bureau of Citizenship and Immigration Service's denial of his application for naturalization as an attack upon the underlying and pending order of deportation. (Rec. Doc. No. 4). The Court acknowledges that the REAL ID Act did not alter this Court's jurisdiction to review denial determinations on applications for naturalization under 8 C.F.R. § 336.9(b).

retroactively.[2] Pub. L. No. 109-13, 119 Stat. 231, 310. This section took effect upon its enactment and applies "to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of enactment of this division." Pub. L. No. 109-13, 119 Stat. 231, 311 § 106(b).

Upon further consideration, this Court was without jurisdiction to consider these claims. Petitioner's exclusive means of review is in the judicial circuit court in which the immigration judge completed the proceedings, which cannot be determined from this record, pursuant to Title 8 U.S.C. § 1252(b)(5). See Rosales v. Bureau of Immigration & Customs Enforcement, 426 F.3d 733, 735-36 (5th Cir. 2005). Accordingly,

**IT IS ORDERED** that Esogbue's motion for relief from judgment (Rec. Doc. No. 9) is **GRANTED**. The Court's August 26, 2005 order is **VACATED** and the petition of Ambrose Esogbue filed pursuant to Title 28 U.S.C. § 2241 challenging his final order of removal (Rec. Doc. No. 1) and Motion to Stay (Rec. Doc. No. 7) is

---

[2]Section 106 provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, . . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of [the Immigration and Nationality Act.]"

**TRANSFERRED** to the judicial circuit in which the immigration judge completed the proceedings.

New Orleans, Louisiana, this 28th day of March, 2006.

                                             _____
                                                    IVAN L.R. LEMELLE
                                              UNITED STATES DISTRICT JUDGE